**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charles M. Mitchell, Appellant.

Appellate Case No. 2019-000942

———————

Appeal From Richland County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-453
Submitted November 1, 2021 – Filed December 22, 2021

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General Joshua Abraham Edwards, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:**  Charles M. Mitchell appeals the circuit court's dismissal of his motion for a resentencing hearing pursuant to *Aiken v. Byars*.[1]  On appeal, Mitchell argues because his sentence of life imprisonment with the possibility of parole, imposed when he was a juvenile, is functionally equivalent to LWOP and violates the Eighth Amendment and the state's equivalent, the circuit court erred in denying his motion.  We affirm.

The circuit court did not err in denying Mitchell's motion for resentencing. Mitchell pled guilty to murder in 1992 and received a sentence of life with the possibility of parole upon the service of twenty years' imprisonment.  Mitchell has appeared before the parole board three times as of the date he filed his notice of appeal.  Because Mitchell's life sentence affords him parole eligibility, he is not a member of the class of offenders entitled to a resentencing hearing as contemplated by *Byars* and *Miller v. Alabama*.[2]  Thus, Mitchell's sentence does not violate the United States Constitution or the South Carolina Constitution.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Finley*, 427 S.C. 419, 423, 831 S.E.2d 158, 160 (Ct. App. 2019) ("When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law."); *id.* ("Therefore, [an appellate] court will not disturb the circuit court's findings absent a manifest abuse of discretion."); *id.* ("An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support."); S.C. Code Ann. § 16-3-20(A) (Supp. 1991) ("A person who is convicted of or pleads guilty to murder must be punished by death or by imprisonment for life and is not eligible for parole until the service of twenty years . . . .") (amended 1995); U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); S.C. Const. art. I, § 15 ("Excessive bail shall not be required, nor shall excessive fines be imposed, nor shall cruel, nor corporal, nor unusual punishment be inflicted . . . ."); *Miller*, 567 U.S. at 479 (holding "the Eighth Amendment forbids a sentencing scheme that mandates [LWOP] for juvenile offenders"); *Byars*, 410 S.C. at 545, 765 S.E.2d at 578 (holding "the principles enunciated in *Miller* . . . apply . . . to all juvenile

---

[1] 410 S.C 534, 765 S.E.2d 572 (2014) (holding a juvenile offender serving a life without parole (LWOP) sentence could file a motion for resentencing when the sentencing court issued the sentence without considering mitigating factors of the offender's youth).

[2] 567 U.S. 460 (2012) (ruling mandatory LWOP sentences for juvenile offenders violated the Eighth Amendment's prohibition of cruel and unusual punishment).

offenders who may be subject to a sentence of [LWOP]"); *State v. Wilson*, 306 S.C. 498, 512, 413 S.E.2d 19, 27 (1992) (analyzing South Carolina's constitutional provision banning cruel or unusual punishment in the same manner as the United States Constitution's prohibition against cruel and unusual punishment), *overruled on other grounds by Roper v. Simmons*, 543 U.S. 551 (2005); *State v. Slocumb*, 426 S.C. 297, 306-07, 827 S.E.2d 148, 153 (2019) (holding it was not "appropriate for [our state supreme court], as an inferior court, to extend federal constitutional protections under the Eighth Amendment beyond the boundaries the Supreme Court set in *Graham* [*v. Florida*, 560 U.S. 48 (2010),]" and "a long line of Supreme Court precedent prohibits us from extending federal constitutional protections beyond the boundaries the Supreme Court itself has set"); *Graham*, 560 U.S. at 75 (holding "[a]tate is not required to guarantee eventual freedom" but must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation"); *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016) ("A [s]tate may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."); *Slocumb*, 426 S.C. at 307-08, 827 S.E.2d at 153-54 (noting the holding in *Graham* only applied to de jure life sentences).

**AFFIRMED.**[3]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.